IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LESTER E. RIDER                                                                                    PLAINTIFF

v.                                         Civil No. 03-3074

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                                DEFENDANT

## **O R D E R**

Plaintiff Lester E. Rider appealed the Commissioner's denial of benefits to this court. On February 16, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff now moves for an award of $3,272.52 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), requesting compensation for 23 hours of work before the court at an hourly rate of $140.00 per hour and $52.52 in expenses. Plaintiff's counsel sought $140.00 an hour based on an increase in the cost of living. Defendant has filed a response, stating she has no objection to the fee award.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour" *Id*. at F.2d 503. Plaintiff's counsel attached a summary of the Consumer Price Index as an exhibit to his motion for attorney's fees and has presented evidence of an increase in the cost of living. Therefore, his argument for enhanced fees, based on a cost of living increase, has merit. We find plaintiff's attorney entitled to an enhanced fee based upon a rise in the cost of living.

This court believes that an hourly fee of $140.00 per hour would appropriately enhance the mandated hourly fee to reflect the increase in cost of living and promote consistency in the EAJA awards in the judicial districts of Arkansas. See *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

We now address the 23 hours of service claimed by plaintiff's counsel. The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992). Having carefully reviewed the itemization submitted by counsel, we find a total of 8 hours for time spent on correspondence with physicians and hospitals, reviewing medical records, receiving and reviewing information from the Social Security Administration (SSA) and correspondence with the SSA and

client regarding his claim at the administrative level is not spent before this court. We hereby deduct the time claim for these matters on April 20 and 29, 2004; May 3, 2004; May 11 and 12, 2004; May 20 and 25, 2004; June 11 and 24, 2004; July 13, 2004; July 21 and 26, 2004; August 4 and 5, 2004; August 12, 2004; January 14, 2005; January 17 and 18, 2004; January 31, 2005; and February 1 and 7, 2005. The discounted time is not time spent at the district court level and is not recoverable under EAJA. Plaintiff's counsel is entitled to 15 hours of time spent at the district court level.

Finally, counsel seeks reimbursement of $52.52 in expenses. Such expenses are recoverable under the EAJA and we find $52.52 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

**CONCLUSION**

Based on the above, we hereby award an attorney's fee and expenses under EAJA of $2,152.52 representing 15 hours at a rate of $140.00 per hour and $52.52 in expenses. This amount should be paid in addition to, and not out of, plaintiff's past due benefits.

IT IS SO ORDERED this 16th day of September 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE